**IN THE UNITED STATES DISTRICT COURT OF NEVADA**

Case No. _2:25:-cv-00384-APG-DJA_

**Lisa Breslaw, Plaintiff**

**v. Peter Cooper, Defendant**                             Jury Trial   No



**COMPLAINT**

**I A. The Parties to the Complaint**
**PLAINTIFF**

Lisa Breslaw
7089 Aliante Pkwy, Apt. 2024
Las Vegas, NV 89084
702-488-6989
lisa.breslaw@alumni.unlv.edu

**B.  DEFENDANT**
Peter Cooper
1300 30th St. Unit A2-24
Boulder, CO 80303
Peco6819@colorado.edu

**II. BASIS FOR JURISDICTION**

 **B. If the Basis For Jurisdiction is Diversity of Citizenship**

1.  Plaintiff is a citizen of the State of Nevada.

2.  Defendant is a citizen of the State of Colorado

3. The amount in controversy or the amount the plaintiff claims the defendant owes is more than $75,000 because the total amount of special and general damages would amount to more than $75,000. This is before any punitive damages.

Special Damages- $53,200 for rejection from 2 master's degree programs (UNR and UNLV) from which I was academically qualified for. UNR's graduate assistantship was $19,200 and UNLV's was $34,000.

General Damages- in excess of $100,000.  This includes opportunity loss, potential lost business income, and compensation for severe emotional distress and reputational damage.

**III STATEMENT OF CLAIMS**

**Claim One: Libel Per Se**

Between Oct. and Dec. of 2019, I made a series of Reddit posts on academic and other subreddits asking for advice on how to handle a situation I had with my former UNLV history professor, Dr. Marcia Gallo. At the time, I wanted to retract a complaint against her because I thought my anxiety disorder caused me to overreact to the communications in question. I had expressly named Dr. Gallo in at least one of these threads when I forgot to remove her name from some email communications I had copied and pasted on Reddit. (See Exhibit 2)

On Dec. 16, 2019, Defendant linked my posts (including the thread where her name was mentioned) in a libelous post he published on Reddit, in the r/Subredditdrama subreddit, accusing me of stalking Dr. Gallo and repeatedly contacting her. The post was titled, *University student makes a dumb decision regarding her professor when applying to grad school, devolves over the course of three months into an obsessive stalker who's turned an entire faculty against her.* (See Exhibit 1)

The statements that are false and defamatory, in order of appearance are:

1. "...it descends from a student making a misstep due to poor judgement and anxiety to OP stalking her retired professor with whom she has become completely obsessed."

2. "...so she applies a proposal to a conference, gets accepted, and *then* tells her professor that they would collaborate on it."  Although my proposal was accepted to the conference, I did not tell my professor that "we would collaborate on it."

3. "She doesn't get the response she wanted, so she feels the chair was negligent, and gets the provost, Board of Regents, and Faculty Senate involved in an attempt to have the dean and chair demoted."

4. "She's convinced that she could make up to her and be the professor's friend."

5. "The retired professor is ignoring all her messages, but she just keeps trying to  get in touch.

6. "She even asks legal advice "is this stalking," they say "yes," and she continues to try to contact this poor woman she tried (and  failed miserably) to ruin the career of for no reason.


Upon learning of Defendant's post, I deleted my posts and comments, but he then retrieved them using Removeddit links and updated the post to inform readers that the links had been retrieved. This post went viral– which Defendant assured by sharing it across Reddit–and subjected me to significant harassment, which Defendant participated in.

In February of 2020, I received a cease and desist letter from Debra Pieruschka, UNLV's former assistant general counsel (now General Counsel at CSN), which prohibited me from contacting anyone at UNLV except the general counsel's office. Upon calling her to confirm receipt of the letter, she informed me that she had seen "my social media activity" and implied that the letter was sent in response to the allegations. People on Reddit had stated that the university had been contacted, and it was likely the link to Dr. Gallo's name that revealed the university. Essentially, the public believed that UNLV was allowing a professor to be stalked. It remains unknown whether Defendant contacted UNLV directly.

In March of 2021, I applied to UNR's MA history program and was rejected despite having a 3.93 GPA, 4.0 history GPA, including earning 6 graduate-level history credits with research components. (The GRE was not required that year, and I didn't take it; thus, it was not a factor in my rejection.)  In April of 2021, wanting to remain in NV, I applied to UNLV and was rejected around late May or early June. I then filed a timely OCR complaint against UNLV based on disability discrimination, and UNLV had told OCR that my lack of faculty reference from UNLV was why they had rejected me. While I believe that this was a pretext for discrimination, even if it were true, it was Defendant's libelous story that prompted the cease and desist letter, which in turn prevented me from obtaining recommendation letters from UNLV.

In July of 2021, after a long search for Defendant's identity and location (which changed from the U.K. to the US), I filed a timely suit against him in the eighth judicial district court of Nevada case A-23-837949-C). That case was dismissed for lack of personal jurisdiction, but at the time, I hadn't realized that I shared Dr. Gallo's name. I appealed, and on Sept. 12, 2022, the district court affirmed the district court's decision. I then filed a petition for review with the Nevada Supreme Court and on Dec. 8, 2022, my petition for review was denied. Although the district court's decision was affirmed, the Nevada Court of Appeals had stated that the naming of Dr. Gallo by Defendant would have given NV jurisdiction over him, and they strongly implied that a link to threads where I named her would likewise be a contact with NV. For example, they stated that they analyzed the screenshots for any mention of UNLV faculty by either Defendant or myself, but at that time, they didn't see any.  (Removeddit had been disabled around the time I filed the suit.)

While that appeal was pending, however, I discovered another post on Best of Redditor Updates which was  titled OOP is obsessed with her professor Parts 1 and 2 (Backstory included). This post created a story similar to Defendant's and also linked to my long-deleted Reddit posts using a different and then new archiving link. I then filed a Rule 60(b)(6) motion to present this evidence, but the district court ruled that they could not accept new evidence at that point. They issued their order on February 10, 2023, and on February 13, 2023, I refiled the suit in state court to present the new evidence, plus I filed a motion asking for expedited discovery to subpoena Reddit for the BORU poster's identity. That case was also dismissed for lack of jurisdiction and I again appealed.

In the Breslaw II appeal (86570), the case was remanded back to the district court for them to decide whether the refiled case could be equitably tolled under the Fausto criteria, as I had to

wait for the appeal and subsequent motion to conclude before refiling the suit. Upon remand, however, the district court again dismissed the case for lack of personal jurisdiction–after their own minute order stated that Defendant had not sufficiently raised that defense and after stating at the May 25, 2024 hearing that they would not dismiss the case for that reason.  I then filed another appeal (88336), and the Nevada Court of Appeals, despite remanding the case and despite their previous order, affirmed the district court's decision based exclusively on lack of personal jurisdiction. An unsuccessful petition for rehearing and petition for review with the Nevada Supreme Court followed.

On Jan. 03, 2025, after the remittitur was issued in the third appeal, I filed a motion asking the district court to change the dismissal without prejudice so it could be filed in Colorado, where Defendant resides. Defendant did not reply, but on Jan. 18th, I filed an amended motion clarifying that I intended it for it to be a rule 65(b) motion on the grounds that applying the judgment prospectively wasn't equitable because it would prevent me from filing the suit elsewhere, and Defendant replied stating that the motion wasn't necessary because other jurisdictions/venues could still accept the suit given that it was only dismissed for lack of personal jurisdiction. On February 26, 2025, the district court denied that motion.

On February 28, 2025, I spoke with an attorney at Colorado's Federal Pro Se Assistance Program to inquire about filing the suit in Colorado. I specifically asked whether accommodations could be made for me to appear online at a trial because between my severe anxiety (which prevents me from traveling beyond Las Vegas), possible autoimmune issues (which I'm being referred to rheumatology for) and financial hardship, I would not be able to travel to Colorado–plus all the witnesses that could potentially testify at a trial are located here in NV. He advised me to refile the suit in the District Court of Nevada.

Because I have diligently pursued my rights in state court, I believe the suit can be equitably tolled. Additionally, I was led by the NV Court of Appeals in their first order to believe that state court would have jurisdiction over Defendant if certain conditions were met (i.e. UNLV faculty being mentioned in the posting threads).  Finally, I  believe that jurisdiction is proper based on the circumstances of the case, and furthermore, Defendant would not be prejudiced if the statute of limitations were tolled or if the suit was heard in NV. He has already hired a NV attorney and defended the suit in NV, is financially privileged, and has no medical or psychiatric issues which would prevent him from flying here if he had to appear at trial. (He travels regularly to visit his parents in North Carolina and has flown across continents)

Finally, I note that although I filed the suit under "Peter Cooper" Defendant has since started identifying as transgender and goes by Alexis Cooper. However, his voter registration appears to be under the name Peter Cooper, so I believe Peter is their legal name. Also, Defendant identified as male at the time the original tort was committed, and the previous suits were filed against "Peter Cooper."

### Claim Two: False Light Invasion of Privacy

Defendant retrieved innocuous posts that I had made and linked them in an outrageous and libelous story to make it appear that I was stalking and "repeatedly contacting" Dr. Gallo. If my posts were read alone, no one would conclude that I was stalking or repeatedly contacting Dr. Gallo. It was Defendant's words that gave this false impression, and I was reported to UNLV, prompting them to send me a cease and desist letter (ultimately resulting in my not having the proper reference letter for graduate school).

### Claim Three: Publication of Private Facts

Defendant revealed that I was "infatuated" with Dr. Gallo and linked to deleted-posts where I had questioned my sexuality over her. He also disclosed my anxiety disorder and the fact that I experienced "housing insecurity." None of this information was of legitimate public concern, and these facts would be highly offensive to a reasonable person. For example, having romantic feelings for a professor, especially when unrequited, is stigmatized and embarrassing. Moreover, Defendant knew that he was linking to her name, ensuring that the public knew who this professor was, and my posts got back to UNLV. Experiencing housing insecurity is degrading and thus also offensive/embarrassing to a reasonable person, and by revealing my anxiety disorder, he disclosed sensitive medical information.

I had deleted my posts, thus the information was not publicly available when Defendant retrieved it. Also, I had only posted it under a username, but Defendant knew that by revealing the professor, at a minimum, UNLV faculty would be able to recognize my identity.

**Claim Four:  Intentional Infliction of Emotional Distress**

Defendants' actions were clearly extreme and outrageous. He published his libelous and bizarre/outrageous story on a popular subreddit whose purpose is to make fun of people and attract negative attention to them. He did this knowing that I was mentally vulnerable at the time, and knowing that Dr. Gallo was mentioned in this post. Moreover, Defendant  shared the post across Reddit–assuring that it went viral.

He also trolled and harassed me from multiple accounts, and bragged about "having the cops called" on him when the police warned him to stop harassing me.  Even years after I deleted my Reddit account, people were still asking for updates on me and retrieving my deleted posts, ridiculing me, making armchair diagnoses on my mental health, etc. I was so traumatized and enraged by the harassment that I experienced physical symptoms of stress such as increased anxiety, tachycardia/palpitations and chest tightness. A blood test showed that I had elevated cortisol levels, which can lead to future health problems.

Furthermore, the post (with the links to my posts) reached UNLV, and I was humiliated by numerous UNLV faculty and legal counsel witnessing the episode and learning of my romantic feelings for Dr. Gallo and questioning my sexuality over her.

Additionally, as a direct result of Defendant's torts, I have been afraid to have a public or social media presence.  In July of 2024, however, I opened an online college essay coaching business called Gemini College Essay Services. Because of my reluctance to advertise on social media or the local news, however, I did not attract any customers and cancelled my website in Jan. of 2025. I had successfully worked as an online English tutor at the College of Southern Nevada throughout 2021 (before they cancelled my online work accommodations) and had a good probability of success in my business had I had more of a "public presence."

**I.V. RELIEF**

Special Damages

$53,000  This is for the $19,200 UNR graduate assistantship and $34,000 UNLV graduate assistantship income that I would have earned had I been accepted to either program.

$200- for the cost of my Nevada State Business License  $150- for the six months I subscribed to Squarespace at $25 month for my website.

 $150- for the six months I subscribed to Squarespace at $25 month for my website.

General Damages In excess of $100,000

This includes presumed reputational damage for libel per se, and compensation for the severe stress, trauma, and humiliation that I experienced over Defendant's harassment, the harassment which he incited.  General damages should also be awarded for lost potential income from my business.

Court Costs

Compensation for all expenses incurred in the state cases (exhibits will be provided when it becomes necessary) and any costs associated with this case.

Injunctive Relief

An injunction for Defendant to remove all the harassing posts which remain on Reddit, including incurring all expenses to have them removed (i.e. the cost of domesticating an order in CA, serving such order on Reddit etc.)

**IV. CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause  unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a  nonfrivolous argument for extending,

modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 19, 2025

Signature of Plaintiff: /s/Lisa Breslaw

Printed name of Plaintiff: /s/ Lisa Breslaw