# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lisa Breslaw,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Peter Cooper,[1]<br><br>　　　　　　　Defendant. | Case No. 2:25-cv-00384-APG-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* in two separate motions. (ECF Nos. 6, 8). Plaintiff has submitted an amended complaint. (ECF No. 7). Plaintiff also moves to serve the Defendant through Defendant's former attorney. (ECF No. 11). Because the Court finds that Plaintiff's application is complete, it grants her more recent application to proceed *in forma pauperis* (ECF No. 8), and denies her previously filed application as moot (ECF No. 6). Because amended complaints generally supersede original complaints, the Court also screens Plaintiff's amended complaint (ECF No. 7). Because the Court cannot force an attorney to accept service on behalf of a client, the Court denies Plaintiff's motion to serve Defendant through Defendant's former attorney (ECF No. 11).

**I.    *In forma pauperis* application.**

Because Plaintiff has submitted two applications, the Court considers the most recent application and denies the previously filed application as moot. (ECF No. 6). In her most recent application, Plaintiff filed the affidavit required by § 1915(a) along with an explanation for why

---

[1] In her amended complaint, Plaintiff asserts that Defendant may no longer use the name Peter Cooper. (ECF No. 7 at 4). However, Plaintiff has not altered the name of her caption, and still uses the name Peter Cooper throughout her complaint and in other filings. So, the Court provisionally uses the name Peter Cooper in this caption and in this order.

she included zeros or "not applicable" responses. (ECF No. 8). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the Court grants Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (ECF No. 8). The Court will now review Plaintiff's complaint.

**II.     Screening the complaint.**

    ***A.     Legal standard for screening.***

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal

pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### B.     Discussion.

Plaintiff sues Defendant for damages and injunctive relief, alleging claims for libel per se, false light invasion of privacy, publication of private facts, and intentional infliction of emotional distress. (ECF No. 7). Plaintiff asserts that Defendant is a citizen of Colorado and that she seeks damages in excess of $75,000.00, so the Court has diversity jurisdiction over her claims. Plaintiff's alleges, generally, that in the fall and winter of 2019, she posted on Reddit asking for advice about handling a situation with her former professor. On December 16, 2019, Defendant made a separate Reddit post, making fun of Plaintiff and accusing her of stalking her professor. Plaintiff claims that Defendant's posts went viral, leading to colleges rejecting her applications, Plaintiff being harassed by others online, and Plaintiff being unable to advertise her business for fear of having an online presence.

#### 1.     The Court screens the amended complaint.

As a preliminary matter, the Court screens Plaintiff's amended complaint. It does not screen her original complaint. (ECF No. 1-1). This is because, generally, an amended complaint supersedes an original. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (explaining that "[i]t is well-established in our circuit that an amended complaint supersedes the

original, the latter being treated thereafter as non-existent.") (internal citations and quotations omitted).

### 2. Statute of limitations and equitable tolling.

As another preliminary matter, Plaintiff's claims arose in 2019, nearly six years ago, raising statute of limitations concerns. However, Plaintiff has alleged sufficient facts to show that the Court could potentially find equitable tolling to be appropriate. In Nevada, courts consider a set of non-exhaustive, fact-intensive factors in determining whether equitable tolling is appropriate. *Fausto v. Sanchez-Flores*, 482 P.3d 677, 681 (Nev. 2021). The Ninth Circuit has concluded that, where the equitable tolling test is fact-intensive, it "is more appropriately applied at the summary judgment or trial stage of litigation." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993) (considering California's fact-intensive test). The Ninth Circuit held that "ordinarily equitable tolling is not properly resolved at the pleading stage." *Id.* at 1277.

Here, Plaintiff asks the Court to equitably toll her claims because she attempted, unsuccessfully to bring them in Nevada state court. Plaintiff asserts that she diligently pursued her claims and "was led by the NV Court of Appeals in their first order to believe that state court would have jurisdiction over Defendant if certain conditions were met." She adds that an attorney at "Colorado's Federal Pro Se Assistance Program" advised her "to refile the suit in the District Court of Nevada." Because the equitable tolling analysis is fact-intensive and thus, not properly resolved at the pleading stage, the Court does not conduct it here. But the Court will allow Plaintiff's claims to pass screening despite potential statute of limitations issues.

### 3. Libel *per se*.

Defamation encompasses both slander (spoken) and libel (written) defamatory statements. *Flowers v. Carville*, 292 F.Supp.2d 1225, 1232 n.1 (D. Nev. 2003). To state a claim for defamation, Plaintiff must allege "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Rosen v. Tarkanian*, 453 P.3d 1220, 1225 (Nev. 2019); *see also* Nev. Rev. Stat. § 200.510(1) (defining libel). Some classes of defamatory statements—known as "defamation *per se*"—are considered so likely to cause serious injury to

reputation and pecuniary loss that these statements are actionable without proof of damages. *KMart Corp. v. Washington*, 866 P.2d 274, 284 (Nev. 1993) (overruled in part on other grounds). "Statements are libel per se under Nevada law when they naturally tend to degrade the plaintiff in the estimation of his fellow men, or hold him out to ridicule or scorn, or would tend to injure him in his business, occupation or profession." *Flowers*, 292 F. Supp. 2d at 1232, *aff'd*, 161 F. App'x 697 (9th Cir. 2006) (quoting *Talbot v. Mack*, 169 P. 25, 31-34 (Nev. 1917)) (internal quotations omitted, cleaned up).

Here, Plaintiff has alleged that Defendant wrote defamatory statements about her, published those statements online, and did so intentionally. Plaintiff has also alleged that the defamatory statements were libel *per se* because they injured her in her business. So, Plaintiff has alleged a colorable claim for libel *per se* and the Court allows it to proceed.

### 4. False light invasion of privacy.

The tort of false light/invasion of privacy is "an odd hybrid of defamation and intentional infliction of emotional distress." *See Flowers v. Carville*, 310 F.3d 1118, 1132 (9th Cir. 2002). Under Nevada law, a false light claim differs from a defamation claim in one respect—the injury in the false light claim is mental distress at having been exposed to public view, while the injury in a defamation action is damage to reputation. *Id.* (citing *People for the Ethical Treatment of Animals v. Bobby Berosini*, 895 P.2d 1269, 1274 n. 4 (Nev. 1995), *overruled in part on other grounds by City of Las Vegas Downtown Redevelopment Agency v. Hecht*, 940 P.2d 134 (1997) (internal citation omitted)). Here, Plaintiff has alleged a colorable claim for false light invasion of privacy. Plaintiff has alleged the elements of a defamation claim and has alleged that she experienced mental distress at Defendant's posts being exposed to public view. So, the Court will permit Plaintiff's false light invasion of privacy claim to proceed beyond screening.

### 5. Publication of private facts.

To succeed on a claim for public disclosure of private facts under Nevada law, a plaintiff must show that (1) the defendant publicly disclosed private facts about the plaintiff; and (2) the disclosure of those facts would be offensive and objectionable to a reasonable person of ordinary sensibilities. *State v. Eighth Judicial Dist. Court*, 42 P.3d 233, 240 (Nev. 2002). Here, Plaintiff

alleges that Defendant disclosed private facts about Plaintiff. While it appears that Plaintiff may have disclosed certain of those facts publicly in her own Reddit post, it appears that certain other facts may not have been public, or were once public and then Plaintiff deleted them. So, for the purposes of screening, Plaintiff has alleged a colorable claim for publication of private facts.

      6.    <u>Intentional infliction of emotional distress.</u>

In Nevada the elements of a cause of action for intentional infliction of emotional distress are: "'(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation.'" *Posadas v. City of Reno*, 851 P.2d 438, 444 (Nev. 1993) (quoting *Star v. Rabello*, 625 P.2d 90, 91–92 (Nev. 1981)). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (Nev. 1998) (quotation omitted). Here, Plaintiff has alleged that Defendant posted about her online with the intent to cause her emotional distress, that she suffered emotional distress, and that Defendant's actions resulted in her emotional distress. Plaintiff also alleges that Defendant's actions were extreme and outrageous because Defendant intended to make fun of Plaintiff, knowing that Plaintiff was emotionally vulnerable. So, Plaintiff has alleged a colorable claim for intentional infliction of emotional distress and this claim passes screening.

**III. Plaintiff's motion for service.**

Plaintiff moves for the Court to allow Plaintiff to serve Defendant through Defendant's former attorneys. (ECF No. 11). However, the Court cannot force counsel to accept service on Defendant's behalf, because attorneys must have implied or actual authority to do so. *See* Fed. R. Civ. P. 4(e)(C) (explaining that summons may be served on "an agent authorized by appointment or by law to receive service of process"); *see In re Focus Media*, 387 F.3d 1077, 1081 (9th Cir. 2004) (explaining that an agent may be impliedly authorized to accept service on a client's behalf). Here, Plaintiff has provided no indication, other than stating that Defendant's counsel appeared on Defendant's behalf in other cases, that counsel has actual or implied authority to accept service on Defendant's behalf. However, without more, counsel appearing on Defendant's

behalf in other cases is not sufficient for the Court to find that counsel has authority to accept service for Defendant. So, the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **denied as moot** and Plaintiff's amended application to proceed *in forma pauperis* (ECF No. 8) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (ECF No. 7) is the operative complaint in this action and the claims Plaintiff brings therein pass this Court's screening.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue summons to Peter Cooper.

**IT IS FURTHER ORDERED** that Plaintiff may rely on the United States Marshal's Service ("USMS") for service. Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the USMS: (1) a copy of this order; (2) a copy of the complaint filed at ECF No. 7; and (3) a copy of the summons.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to Plaintiff: (1) a copy of this order; and (2) a copy of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff must complete the Form USM-285 for Defendant and must send the completed form to the USMS on or before **July 31, 2025**.

**IT IS FURTHER ORDERED** that, upon receipt of the summons, complaint, this order, and Plaintiff's Form USM-285, the USMS shall attempt service on Defendant.

**IT IS FURTHER ORDERED** that, within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff

1  must file a notice with the Court identifying whether Defendant was served.  If Plaintiff wishes to
2  have service again attempted on Defendant, Plaintiff must file a motion with the Court identifying
3  Defendant and specifying a more detailed name and/or address for Defendant or whether some
4  other manner of service should be attempted.

5  **IT IS FURTHER ORDERED** that Plaintiff shall have until **October 8, 2025,** to
6  accomplish service.  Fed. R. Civ. P. 4(m).

7  **IT IS FURTHER ORDERED** that Plaintiff's motion to serve Defendant through
8  Defendant's former attorney (ECF No. 11) is **denied.**

10  DATED: July 10, 2025

   DANIEL J. ALBREGTS
   UNITED STATES MAGISTRATE JUDGE