UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lisa Breslaw,<br><br>                Plaintiff,<br><br>    v.<br><br>Peter Cooper,<br><br>                Defendant. | Case No. 2:25-cv-00384-APG-DJA<br><br>**Order** |

Before the Court is pro se Plaintiff Lisa Breslaw's motion to substitute party (ECF No. 14), motion for substitute service (ECF No. 19), and motion to extend the deadline for service (ECF No. 20). The Court denies Plaintiff's motion to substitute party because no interest has been transferred in this case. The Court denies Plaintiff's motion for substitute service because she has not shown recent due diligence in attempting to serve Defendant. The Court grants Plaintiff's motion to extend the deadline for service because she has shown good cause for the extension. The Court further *sua sponte* extends the service deadline by ninety days.

**I.      Motion to substitute party.**

Plaintiff moves under Federal Rule of Civil Procedure 25(c) to substitute Alexis Cooper in place of the current Defendant Peter Cooper. (ECF No. 14). Plaintiff explains that Peter Cooper has changed her name to Alexis Cooper because she is a transgender woman. However, Rule 25(c) permits a party to be substituted into an action in the case of a transfer of interest. There has been no transfer of interest here. If Plaintiff wishes to change Defendant's name in this action, she must move to amend her complaint. *See* Fed. R. Civ. P. 15. The Court denies Plaintiff's motion to substitute.

**II.     Motion for substitute service.**

Plaintiff moves the Court to allow alternative service on Defendant at Defendant's former attorney's office or at Defendant's parents' home. (ECF No. 19). Plaintiff explains that her

attempts to serve Defendant at Defendant's address in Colorado have been unsuccessful. The USM-285 process receipt and return shows that the United States Marshals ("USMS") made two separate unsuccessful attempts to serve Defendant at one address in Colorado. (ECF No. 18).

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.*

When a case is proceeding in federal court, an individual is served by: (1) following state law for serving the summons in the state where the district court is located or where service is made; (2) delivering the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy to an agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(e). Service of an individual under Nevada's rules is similar. *See* Nev. R. Civ. P. 4.2(a). Under Colorado's rules, an individual is served with summons by: (1) leaving a copy at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family; (2) at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative, or managing agent; or (3) by delivering a copy to a person authorized by appointment of by law to receive service of process. Colo. R. Civ. P. 4(e)(1).

To seek alternative service under Nevada law, a party must demonstrate that the service methods provided in Nevada Rules of Civil Procedure 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable. Under Nevada Rule of Civil Procedure 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

>  (i) the due diligence that the plaintiff undertook to locate and serve the defendant; and
>  (ii) the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant…

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B).

To seek alternative service under Colorado law, a party must file a motion supported by an affidavit. Colo. R. Civ. P. 4(f). The motion shall state: (1) the efforts made to obtain personal service and the reason that personal service could not be obtained; (2) the identity of the person to whom the party wishes to deliver the process; and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. Colo. R. Civ. P. 4(f). The Court must be satisfied that the party seeking alternative service has been diligent in attempting personal service, that further efforts would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective. Colo. R. Civ. P. 4(f).

Here, the Court does not find that Plaintiff has made a sufficient showing of her attempts to accomplish personal service to justify alternative service under either Nevada or Colorado law. Plaintiff does not provide an affidavit or other evidence of her recent attempts at service. Instead, she describes her attempts at serving Defendant in a different matter in 2021, nearly four years ago. While those attempts appear extensive, Plaintiff does not outline what *recent* attempts she has made to find Defendant's address or to serve Defendant other than the two failed attempts by the USMS at a single address. Without any current information about her attempts to locate

Defendant, the Court cannot find that Plaintiff has shown the diligence necessary to justify alternative service under either Nevada or Colorado law. The Court therefore denies her motion without prejudice.

### III.     Motion to extend the deadline for service.

Under Federal Rule of Civil Procedure 4(m), if a plaintiff shows good cause for failing to serve a defendant within 90 days after a complaint is filed, the court must extend the time for service for an appropriate period. Here, Plaintiff requests a one-month extension of the deadline to serve Defendant. Given the difficulties Plaintiff has faced with serving Defendant, the Court finds that Plaintiff has shown good cause to extend the deadline for service. So, the Court grants Plaintiff's motion for extension and will *sua sponte* extend the service deadline by ninety days to give Plaintiff additional time to serve Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to substitute party (ECF No. 14) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for substitute service (ECF No. 19) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend time for service (ECF No. 20) is **granted.** The Court *sua sponte* extends the deadline by ninety days to **January 6, 2026**.

DATED: October 20, 2025.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE