Lisa Breslaw
6656 Nimbus Ave.
N. Las Vegas, NV 89130
702-488-6989
lisa.breslaw@alumni.unlv.edu
Plaintiff, In Proper Person

**IN THE UNITED STATES DISTRICT COURT OF NEVADA**

|  |  |
|---|---|
| Lisa Breslaw, Plaintiff | Case No.  _2:25-cv-00384-APG-DJA__ |
|  | Jury Trial   No |

v.

Peter Cooper, Defendant

Lisa Breslaw
7089 Aliante Pkwy. Apt.# 2054
N. Las Vegas, NV 89084
702-488-6989
lisa.breslaw@alumni.unlv.edu
Plaintiff, In Proper Person

**IN THE UNITED STATES DISTRICT COURT OF NEVADA**

|  |  |
|---|---|
| Lisa Breslaw, Plaintiff | Case No.  _2:25-cv-00384-APG-DJA__ |
|  | Jury Trial   No |

**MOTION FOR SUBSTITUTE  SERVICE ON DEFENDANTS LAS VEGAS ATTORNEYS PURSUANT TO FRCP 4(e)**

**Facts:** On Oct. 21, 2025, this court denied my motion for substitute service on Defendant through her Las Vegas attorneys without prejudice, finding that I had not made sufficient attempts at personal service under either Nevada or Colorado law. The court acknowledged that I had made extensive attempts at service in the state court cases, but said that I had not yet demonstrated sufficient diligence in this case to warrant substitute service.

I have since, despite experiencing financial hardship and being granted a fee waiver, paid to LV Process and Investigation to have a skip trace run on Defendant. The process servers were able to find her social security number and the only address associated with it was the address I had originally provided to the court: 1300 30th St. Apt. A2-24 Boulder, CO 80303. Interestingly, there appear to be no court records indicating a legal name change from Peter Cooper to Alexis Cooper, despite the name change on their voter registration. She also did not show up as a relative or associate of her parents Alexander Cooper and Courtney Cooper.

A recent social media page I found (Alexis@asticky.libcraft.com) indicates that she is still in the Denver, Boulder area, as she just attended a baseball game there with her girlfriend (name/identity unknown), but she does not appear to be a student at UC Boulder, as she is not listed on their graduate student webpage. It is possible that she is living with her girlfriend, but I cannot confirm this and have no way of finding the girlfriend's identity. I am also submitting further harassment from her on this account, which will confirm that this account is indeed belongs to Defendant Peter/Alexis Cooper

The process servers also reached out to their former attorneys, Sagar Raich and Brian Schenider of Raich Law, LLC, but they said that they are not representing her. This court should consider that they made this exact same statement in the last case, and once Defendant was served in CO (they were a student at UC Boulder at that time), they represented her. Thus, the denial of representation is likely strategic in this case as well, as once Peter/Alexis is served, they will likely represent her.

In addition to the skip trace and attempt to contact their Las Vegas attorneys, I also paid the Boulder Sheriff's office to attempt service at their last known address: 1300 30th St. Apt. A2-24 Boulder, CO 80303, and there is now another person living there who claims to have lived there since August and did not know Peter/Alexis Cooper or recognize their picture.

Affidavits and invoices are attached as exhibits to this motion.

**Memorandum and Points of Authorities**

Rule 4.4(b)(1) states that "If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method." For the reasons stated above, and given the past difficulty and high financial costs of locating/serving defendant, it is impractical to have Defendant served through the traditional means in NRCP 4.2, 4.3 and 4.4(a).

Rule  4.4   (2)  A motion seeking an order for alternative service must:
 (A)  provide affidavits, declarations, or other evidence setting forth specific facts demonstrating:
 (i)  the due diligence that was undertaken to locate and serve the defendant; and
 (ii)  the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and
 (B)  state the proposed alternative service method and why it comports with due process.

In addition to this motion, I am provided exhibits showing that due diligence was undertaken to locate and serve Defendant. This includes: the recept skip trace results from LV Process and Investigation, the Sheriff's Affidavit of Non-Service, the social media account showing that Defendant appears to be in the Boulder/Denver area and has a girlfriend that she could possibly be living with, yet whose identity is impossible to find given that Peter/Alexis has not identified her, harassment on that account which can confirm that the account indeed belongs to Defendant, and the notice of withdraw of service where in case A-21-837948-C(and then represented her).

These affidavits of due diligence from LV Process and Investigation shows that contact was attempted through Defendants attorneys and that other contact information was not found for her. The Court should also consider the affidavit of due diligence submitted with the first motion for substitute service which shows that neither Defendant nor her parents responded to any communications from the process server.

**Proposed Alternative Method of Service**

I propose having Defendant served through Sagar Raich, Esq. her Vegas attorney  in the previous cases  and owner of Raich Law, PLLC. Their address is  2280 E Pama Ln, Las Vegas, NV 89119.

This method of service would also meet the requirement of Rule 4.2 (a)(3), by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. If this court grants the motion, they would be an agent appointed by law to receive service. Again, they are likely to represent Defendant in this case as well, as the last time they withdrew from service in case A-21-837948-C, they represented her in the subsequent state court case,  A-24-865757-C. Also, after representing Defendant for years in state court, they should now be considered personal or business contacts of hers.

**Conclusion**

For the reasons given above, I respectfully ask this court to grant this motion for substitute service on Defendants through attorney Sagar Raich, Esq. at Raich Law, PLLC 2280 E Pama Ln, Las Vegas, NV 89119.

Respectfully submitted this 19th of Nov. 2025

/s/Lisa Breslaw
Lisa Breslaw
6656 Nimbus Ave.
N. Las Vegas, NV 89130
702-488-6989
lisa.breslaw@alumni.unlv.edu
Plaintiff, In Proper Person
