UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lisa Breslaw,<br><br>                 Plaintiff,<br><br>v.<br><br>Peter Cooper,<br><br>                 Defendant. | Case No. 2:25-cv-00384-APG-DJA<br><br>**Order** |

       Before the Court is pro se Plaintiff Lisa Breslaw's motion for substitute service (ECF No. 23) (motion) (ECF No. 24) (erratum) and motion to extend the deadline for service (ECF No. 25). The Court denies Plaintiff's motion for substitute service because she does not identify an alternative means of service that comports with due process. The Court grants Plaintiff's motion to extend the deadline for service because she has shown good cause for the extension. The Court further *sua sponte* extends the service deadline by forty-five days.

**I.**       **Motion for substitute service.**

       Plaintiff moves the Court to allow alternative service on Defendant's former attorneys. (ECF No. 23). Plaintiff explains that her attempts to serve Defendant at Defendant's address in Colorado have been unsuccessful. Plaintiff explains that she has paid a process server and investigator to conduct a skip trace on Defendant. However, the address that the investigator found was one Plaintiff had already unsuccessfully attempted to serve. Plaintiff also explains that she found a social media account for the Defendant, but does not suggest any form of service related to this social media account. Plaintiff adds that the process server she hired reached out to Defendant's former attorneys, but those attorneys explained that they are not representing the Defendant. Finally, Plaintiff asserts that she paid the Boulder, Colorado Sheriff's Office to attempt service on Defendant at the address found by the skip trace, but someone else lived there.

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.*

When a case is proceeding in federal court, an individual is served by: (1) following state law for serving the summons in the state where the district court is located or where service is made; (2) delivering the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy to an agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(e). Service of an individual under Nevada's rules is similar. *See* Nev. R. Civ. P. 4.2(a). Under Colorado's rules, an individual is served with summons by: (1) leaving a copy at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family; (2) at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative, or managing agent; or (3) by delivering a copy to a person authorized by appointment of by law to receive service of process. Colo. R. Civ. P. 4(e)(1).

To seek alternative service under Nevada law, a party must demonstrate that the service methods provided in Nevada Rules of Civil Procedure 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable. Under Nevada Rule of Civil

Procedure 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

>   (i) the due diligence that the plaintiff undertook to locate and serve the defendant; and
>   (ii) the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant…

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B).

To seek alternative service under Colorado law, a party must file a motion supported by an affidavit. Colo. R. Civ. P. 4(f). The motion shall state: (1) the efforts made to obtain personal service and the reason that personal service could not be obtained; (2) the identity of the person to whom the party wishes to deliver the process; and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. Colo. R. Civ. P. 4(f). The Court must be satisfied that the party seeking alternative service has been diligent in attempting personal service, that further efforts would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective. Colo. R. Civ. P. 4(f).

Here, the Court does not find that Plaintiff's proposed method of alternative service—service on Defendant's former attorneys—is reasonably calculated to give actual notice to the Defendant. This is because, as the Court has already informed Plaintiff, it cannot force counsel to accept service on Defendant's behalf because attorneys must have implied or actual authority to do so. See Fed. R. Civ. P. 4(e)(C) (explaining that summons may be served on "an agent authorized by appointment or by law to receive service of process"); *see In re Focus Media*, 387 F.3d 1077, 1081 (9th Cir. 2004) (explaining that an agent may be impliedly authorized to accept service on a client's behalf). Plaintiff has provided no indication, other than stating that Defendant's counsel appeared on Defendant's behalf in other cases, that counsel has actual or implied authority to accept service on Defendant's behalf. Moreover, Plaintiff's investigator

contacted the attorneys, who stated that they do not represent the Defendant. Plaintiff does not suggest any other form of service, or combination of forms of service, that the Nevada and Colorado rules provide that the Court could order that would give actual notice to the Defendant. So, the Court denies her motion without prejudice.

**II.      Motion to extend the deadline for service.**

Under Federal Rule of Civil Procedure 4(m), if a plaintiff shows good cause for failing to serve a defendant within 90 days after a complaint is filed, the court must extend the time for service for an appropriate period. Here, Plaintiff requests an extension of the January 6, 2026, deadline to serve Defendant. Given the difficulties Plaintiff has faced with serving Defendant, the Court finds that Plaintiff has shown good cause to extend the deadline for service. So, the Court grants Plaintiff's motion for extension and will *sua sponte* extend the service deadline by forty five days from the date of this order to give Plaintiff additional time to serve Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for substitute service (ECF No. 23) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend time for service (ECF No. 25) is **granted.** The Court *sua sponte* extends the deadline by forty-five days from the date of this order to **April 7, 2026**.

DATED: February 23, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE