**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Lisa Breslaw,

Plaintiff,

v.

Alexis Cooper,

Defendant.

Case No. 2:25-cv-00384-APG-DJA

**Order**

In 2019, Plaintiff Lisa Breslaw made a series of posts on the website Reddit, asking for advice about a situation she had with her former University of Nevada, Las Vegas ("UNLV") professor. Defendant Alexis Cooper shared Breslaw's posts on another Reddit forum, accusing Breslaw of stalking her former professor. Breslaw claims that because of the publicity of Cooper's posts, the University of Nevada, Reno ("UNR") and UNLV rejected her applications for a master's program. Cooper moved to dismiss Breslaw's complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (ECF No. 29).

Cooper now moves for a stay of discovery pending Cooper's motion to dismiss. (ECF No. 48).[1] Cooper argues that she should not be required to engage in merits discovery while the Court determines whether it has personal jurisdiction over her. Cooper asserts that "[f]ive prior judicial rulings have addressed and resolved this exact jurisdictional question under these same facts in [Cooper's] favor." Cooper is apparently referencing two prior lawsuits that Breslaw

[1] The Court noted that Cooper had failed to sign her original motion to stay discovery (ECF No. 36) and so ordered Cooper to file a corrected motion (ECF No. 46). Cooper filed that corrected and signed motion at ECF No. 48. Cooper's renewed motion is identical to her original. So, the Court denies Cooper's original motion as moot. (ECF No. 36). However, Breslaw has filed a response to the renewed motion. (ECF No. 49). But unlike Cooper's renewed motion, which is identical to the original, Breslaw's renewed response raises new arguments. *Compare* (ECF No. 42) *with* (ECF No. 49). The Court declines to consider Breslaw's renewed response and will only consider Breslaw's original response.

brought against her in Nevada state court where the Nevada state court declined to find that it had personal jurisdiction over Cooper.[2]

Breslaw opposes, arguing that Cooper's motion to dismiss wrongfully characterizes her online activity as being a "single post," when really, Breslaw has discovered other accounts and posts from which she claims Cooper directed her activity at Nevada. (ECF No. 40). Breslaw asserts that the current record already contains evidence of those accounts and posts. But she claims that she requires additional discovery related to those accounts, the scope of Cooper's conduct, and Cooper's knowledge of the professor's identity and Las Vegas location. However, Breslaw also states that "even without any further discovery to determine Nevada connections, the facts of this case show" that the Court has jurisdiction over Cooper. Cooper did not file a reply.

Breslaw also moves for jurisdictional discovery. (ECF No. 38). She asserts that the exhibits already on record show that Cooper shared the post at issue from at least three different accounts, on multiple subreddits, and at least once included Las Vegas in the title. Breslaw asserts that Cooper's claim to have only made one post "indicate[s] that the full scope of [Cooper's] conduct and targeting of Nevada is incomplete, or, at a minimum, unclear." So, Breslaw requests the ability to serve discovery on Cooper and Reddit directed to identifying

---

[2] The Court may judicially notice matters of public record, including the existence of another court's opinion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F.Supp.3d 1007, 1019 (C.D. Cal. 2017). Nevada state court records reflect the following: Breslaw sued Cooper in Nevada state court in 2021 and the district court granted Cooper's motion to dismiss under Nevada Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction on January 4, 2022. *See Breslaw v. Cooper*, No. A-21-837948-C (Nev.). Breslaw appealed and on September 12, 2022, the Nevada Court of Appeals affirmed the District Court. *See Breslaw v. Cooper*, No. 84072 (Nev.). The Nevada Supreme Court denied Breslaw's petition for review on December 8, 2022. *Id.* Breslaw sued Cooper in state court again in 2023. *See Breslaw v. Cooper*, No. A-23-865757-C (Nev.). The District Court granted Cooper's motion to dismiss, but noted that "[t]o the extent Defendant is of the position that the complaint in this matter is otherwise deficient in conferring personal jurisdiction over Defendant, Defendant has not explained why." *Id.* Breslaw appealed. *See Breslaw v. Cooper*, No. 88336 (Nev.). On September 16, 2024, the Nevada Court of Appeals "affirm[ed] the order of the district court dismissing Breslaw's complaint with prejudice on Personal Jurisdiction grounds." *Id.* The Nevada Supreme Court denied Breslaw's petition for review on December 17, 2024. *Id.* Breslaw filed this action on March 2, 2025. (ECF No. 1).

Cooper's accounts and the timing of her sharing the post. Cooper did not respond to Breslaw's motion for jurisdictional discovery. Finally, Breslaw filed a proposed discovery plan, which plan Cooper refused to join given her pending motion to stay discovery. (ECF No. 44).

**I. Discussion.**

The undersigned magistrate judge employs the "good cause" test when determining whether to stay discovery. *See Schrader v. Wynn*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3-4 (D. Nev. Oct. 12, 2021). The undersigned may grant motions to stay discovery when a dispositive motion is pending if: (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.* Good cause may be established by taking a preliminary peek at the merits of the dispositive motion. *See id.* But it may also be established by other factors, not related to the merits of the dispositive motion, for example, to prevent undue burden or expense. *Id.* Ultimately, guided by Rule 1 of the Federal Rules of Civil procedure, the Court is trying to determine whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case. *Id.* The filing of a motion to dismiss for lack of personal jurisdiction "strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved" because a defendant should not be required to engage in expensive and burdensome discovery in a court that has no jurisdiction over her. *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012). On the other hand, discovery should be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary. *Id.* at *4 (quoting *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)).

Here, the Court finds that Cooper has shown good cause to stay discovery pending the resolution of her motion to dismiss. Turning to the first prong, the Court finds that Cooper's motion can be decided without further discovery. Given her prior lawsuits, the Court can infer that Breslaw was aware before bringing this suit that personal jurisdiction would be a likely issue. And her amended complaint explicitly references the alleged basis for personal jurisdiction over

Cooper as a result. Breslaw herself even states that "even without any further discovery to determine Nevada connections, the facts of this case show" that the Court has jurisdiction over Cooper. (ECF No. 40 at 3). While the assigned district judge may have a different opinion of the jurisdictional picture, he will ultimately determine if Breslaw's allegations are sufficient to establish jurisdiction, and whether additional discovery is necessary, when deciding the merits of the motion to dismiss. *See PlayUp v. Mintas*, 635 F.Supp.3d 1087, 1102 (D. Nev. 2022) (explaining that "when the preliminary peek reveals that the underlying motion to dismiss has sufficient merit to justify a stay, a magistrate judge may defer issues related to jurisdictional discovery given overlapping requests pending before the district judge.").

Turning to the second prong, the Court finds that good cause exists to stay discovery. Cooper has identified other instances in which Nevada state courts have found that Breslaw's allegations did not establish personal jurisdiction over Cooper. And Cooper convincingly argues that she should not be subject to discovery in a third case in this Court unless it determines that it has personal jurisdiction over her. So, the undersigned magistrate judge grants Cooper's motion to stay discovery. Because the Court grants Cooper's motion to stay discovery, it denies Breslaw's motion for jurisdictional discovery and discovery plan as moot. (ECF Nos. 38, 44). If this case proceeds after the motion to dismiss, the parties must engage in the Federal Rule of Civil Procedure 26(f) conference and submit a stipulated discovery plan within thirty days of the decision on the motion to dismiss.

///

///

///

**IT IS THEREFORE ORDERED** that Cooper's motion to stay discovery (ECF No. 48) is **granted** and Cooper's unsigned motion to stay discovery (ECF No. 36) is **denied as moot.**

**IT IS FURTHER ORDERED** that Breslaw's motion for jurisdictional discovery (ECF No. 38) is **denied as moot.**

**IT IS FURTHER ORDERED** that Breslaw's proposed discovery plan (ECF No. 44) is **denied as moot.**

**IT IS FURTHER ORDERED** that should this case proceed following decision on Cooper's motion to dismiss, the parties must conduct a Rule 26(f) conference and file a stipulated discovery plan within **thirty days** of that decision.

DATED: November 13, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE